(Court of Appeal, Parish of Orleans).

# HAKENJOS PIANO MANUFACTURING COMPANY vs. MISS LILIE SPANO—MOISE LEVY, INTERVENOR.

Where plaintiff claims a privilege upon and seizes as belonging to defendant, property in the possession of a third person, who intervenes to vindicate his right of possession or ownership, and plaintiff is non-suited on the main demand for failure to cite defendant, the proper judgment on the intervention is likewise one of non-suit and not of absolute dismissal, so that the status of the parties with reference to all matters, including the possession of the property, may be restored to the condition existing prior to plaintiff's suit.

Appeal from the Civil District Court, Division "E."

L. H. Burns, for plaintiff and appellee.

Saunders, Dufour & Dufour and Henry Mooney, for defendant and appellant.

GODCHAUX, J.—Claiming a balance due upon the purchase price of a piano sold to defendant, plaintiff secured a writ of sequestration in the execution of which the sheriff seized the piano while it was upon the premises and in the possession of one Levy, who at once intervened claiming ownership and demanding its return to his possession. Plaintiff answered the intervention by attacking the sale by defendant to Levy as simulated and void, and thereupon a trial was had without objection upon the merits both of the main demand and of the intervention; and this notwithstanding that the defendant was not present nor represented and in fact had neither been cited nor had joined in the main suit or in the intervention. The judgment below dismissed plain-

tiff's suit as in case of non-suit and rejected without reservation the demand of intervenor at his cost. The intervenor, Levy, appeals and seeks by his appeal to have the judgment of dismissal against him amended to one of non-suit.

The intervenor contends that by the proceedings had he is deprived of the possession of the property at the instance of one who, by effect of the judgment of non-suit, has presently withdrawn all claim to the property and consequently all right to disturb his possession thereof. He does not complain of the dismissal of his intervention, but contends that said dismissal should have been by way of non-suit, the effect of which would be to restore all matters, including the possession of the property, to the conditions existing prior to the filing of the suit.

These contentions seem to be well founded. The intervenor was not a voluntary party to these proceedings, but, on the contrary, when the property was taken from his possession through the judicial assertion of plaintiff's claim, he was obliged to enter the proceedings in order to vindicate his right of possession. But it was solely and exclusively by virtue of the judicial pendency of plaintiff's claim against the property that he was thus forced involuntarily to litigate with plaintiff his right of possession; and, when plaintiff's suit, wherein he was seeking to establish his right to question intervenor's possession, resulted in a judgment which either denied or failed to recognize the existence of such right in him, the question of ownership and possession arising in the intervention, which had a place in the proceeding solely and simply because of the presumed existence of such right in plaintiff, no longer was an issue in the case and consequently should not have been finally passed upon by the lower court. In other words having declined, through its judgment on the main demand, to recognize in plain-

tiff any right to question Levy's possession or ownership of the piano, or to force Levy to vindicate contradictorily with him the right of possession or ownership thereof, it was manifestly paradoxical for the court to then proceed to pass upon the question of ownership and possession as between Levy and the plaintiff or to finally determine that question at all. Having found that plaintiff had not proved his right to question Levy's ownership or possession, it should not then have finally decided that question but should have entered a non-suit in the intervention, that is in the proceeding wherein that question was pending.

While the Court has been unable to find any case exactly in point, this holding is in consonance with the principles announced in the following case, among which are those cited to us by plaintiff and appellee.

> Walmsley vs. Whitfield, 24 An. 258; Todd vs. Shouse, 14 An. 426; Barron vs. Jacobs, 38 An. 370; Merritt, Bliss & Co. vs. Oppenheim, 9 An. 54; Clapp & Co. vs. Phelps, 19 An. 461; Aleix vs. Derbidny, 22 An. 385; Meyers & Co. vs. Birotte, 41 An. 745; State Ex Rel. Gondrau vs. Post, 48 An. 455; Hawkins vs. Beer, 37 An. 53; Cahn vs. Ford, 42 An. 965; Succession of Ball, 42 An. 204; Caaflin vs. Feibleman, 44 An. 518; Gilkenson vs. Martinez, 38 An. 847.

By a decree of non-suit in the intervention proceedings the status of the parties with reference to all matters, including the possession of the piano, is restored to the condition existing prior to the proceedings. Under our view of the case such is the proper disposition of the controversy.

It is accordingly ordered that the judgment appealed from be amended to the extent only of changing the judgment on the intervention to one of non-suit, and as thus

amended the judgment is affirmed plaintiff and appellee to pay the costs of appeal.

Judgment amended.

Dufour, J., takes no part.

December 19, 1910.

Rehearing refused January 23, 1911.